IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LESLIE PAUL HOWARTH,                    :
                Plaintiff               :
        v.                              : Civil Action No. 05-46J
GITTLER'S AQUARIUM AND AVIARY,          :
                Defendant               :

### Report and Recommendation

#### Recommendation

Pending is defendant's motion for summary judgment, docket no. 13.  I recommend that it be granted.

#### Report

Plaintiff filed many pro se complaints against public accommodations in this area, claiming violations of Title III of the Americans with Disabilities Act, 42 U.S.C.§ 12101.  In the complaint in the above captioned matter, plaintiff alleges that he is disabled and uses a wheelchair or crutches, and that defendant's parking lot does not have the required number of parking spaces to comply with the ADA.  No further allegations of fact appear.  The parties were ordered to file cross motions in support of their respective positions on the question of plaintiff's standing to bring a Title III claim on the facts alleged in the complaint.  Defendant timely filed the pending motion on September 30, 2005; plaintiff has not filed anything.

Title III of the ADA, 42 U.S.C.§ 12182(a)(1), and (2)(iii), provides in part:

a) General rule
No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.
                            ***

(2) Specific prohibitions
(A) Discrimination
For purposes of subsection (a) of this section, discrimination includes--

\*\*\*

(iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden[.]

To state a claim under Title III of the ADA, a plaintiff must allege that he has suffered some concrete and particularized injury, see Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992), separate and apart from the state of the world in general, due to his disability.  A person with a disability does not have standing to raise ADA claims which do not relate to his disability.  See Clark v. McDonald's Corp. 213 F.R.D. 198, 230 (D.N.J.2003)(a paraplegic has standing to challenge a restaurant's access features but not its lack of Braille menus).  Under Title III of the ADA, a legal injury is "a real and immediate threat that a particular (illegal) barrier will cause future harm."  Disabled Americans For Equal Access, Inc. v. Ferries Del Caribe, Inc., 405 F.3d 60, 64 (1st Cir.2005), quoting Dudley v. Hannaford Bros. Co., 333 F.3d 299, 305 (1st Cir.2003).  See also Pickern v. Holiday Quality Foods, Inc., 293 F.3d 1133, 1138 (9th Cir.2002).

Plaintiff does not allege that will suffer harm from the state of the defendant's parking lot, nor even that he ever suffered harm as a result of insufficient accessible parking.

Additionally, plaintiff has failed to oppose in any way

defendant's evidentiary submission, indicating that it does have the requisite number of handicapped parking spaces in its lot. See docket no. 16, Statement of Facts, Exhibit B, Tyger Affidavit (averring that defendant has 24 parking spaces and therefore is required to have 1 handicapped space; and that defendant has 2 handicapped spaces, and is in compliance with 28 C.F.R. Part 36, Appendix A, Accessibility Guidelines for Buildings and Facilities); see also id., Exhibit A and Exhibit C (lot plan and photographs showing locations of parking spaces). When, as here, an adequately supported motion for summary judgment challenges the adequacy of the evidentiary basis of a plaintiff's claim, a plaintiff has a legal duty to come forward with evidence showing that there is a legitimate cause of action, and cannot merely defer producing the evidence until the time of trial. See In re B. D. International Discount Corp., 701 F.2d 1071, 1077 n.11 (2d Cir.), cert. denied, 464 U.S. 830 (1983). Judgment should be entered for the defendant.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: _____9 November 2005_____   _____

Keith A. Pesto,
United States Magistrate Judge

cc:   Leslie Paul Howarth, Ph.D.
      211 Bentwood Avenue
      Johnstown, PA 15904-1333

      Michael J. Parrish, Esquire
      P.O. Box 280
      Johnstown, PA 15907-0289

3